UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMIAN BELANDER,<br><br>                    Petitioner,<br><br>       v.<br><br>COREY FUHURE,<br><br>                    Respondent. | CASE NO.  3:23-CV-6132-BHS-DWC<br><br>ORDER TO SUBSTITUTE RESPONDENT AND FOR SERVICE OF AND ANSWER TO § 2254 PETITION |

This is a federal habeas action filed under 28 U.S.C. § 2254. The Court, having reviewed Petitioner's Federal Habeas Petition (Dkt. 1), hereby finds and **ORDERS** as follows:

(1)     Substitution of Respondent

Petitioner named Corey Fuhure as Respondent. Dkt. 1. However, the proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitioner is currently incarcerated at the Eastern Oregon Correctional Institution ("EOCI") and the superintendent of that facility is David Pedro. Accordingly, the Clerk of Court is directed to substitute David Pedro as the Respondent in this action. The Clerk is also directed to update the case title.

ORDER TO SUBSTITUTE
RESPONDENT AND FOR SERVICE OF
AND ANSWER TO § 2254 PETITION -
1

(2) Service

The Clerk shall arrange for service by certified mail upon Respondent and upon the Attorney General of the State of Washington, of copies of: the Petition, any other documents filed in support of the Petition, the Notice of Consent, and this Order. The Clerk shall also direct a copy of this Order and of the Court's *pro se* instruction sheet to Petitioner.

Within ***forty-five (45) days*** after such service, Respondent shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts. As part of such answer, Respondent shall state whether the Petition is time barred, whether Petitioner has exhausted available state remedies, and whether an evidentiary hearing is necessary. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent shall file the answer with the Clerk of the Court and serve a copy of the answer on Petitioner.

(3) The answer will be treated in accordance with LCR 7. Accordingly, on the face of the answer, Respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and Respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

(4) Filing by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right-hand corner the name of the United States Magistrate Judge to whom the document is directed.

For any party filing electronically, when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.

(5)     Motions

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration on the Court's motion calendar.

(6)     Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

Dated this 10th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge