1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMIAN BELANDER,

                    Petitioner,

        v.

COREY FUHURE,

                    Respondent.

CASE NO. C23-6132 BHS-DWC

ORDER

13      THIS MATTER is before the Court on Magistrate Judge David W. Christel's

14  Report and Recommendation (R&R), Dkt. 16, recommending that the Court deny pro se

15  petitioner Damian Belander's 28 U.S.C. § 2254 habeas corpus petition, Dkt. 1, deny his

16  request for a § 2253(c) Certificate of Appealability, and dismiss the case.

17      The R&R thoroughly details Belander's first-degree murder conviction, 385-

18  month sentence, and his unsuccessful direct appeal. Dkt. 16 at 2–10. It addresses

19  Belander's three grounds for habeas relief and concludes that he has not met his §

20  2254(d)(1) burden to demonstrate that the state court's adjudication "resulted in a

21  decision that was contrary to, or involved an unreasonable application of, clearly

22  established federal law, as determined by the Supreme Court of the United States." In

1    interpreting this portion of the federal habeas rules, the Supreme Court has ruled a state

2    decision is "contrary to" clearly established Supreme Court precedent if the state court

3    either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a

4    question of law, or (2) confronts facts "materially indistinguishable" from relevant

5    Supreme Court precedent and arrives at an opposite result. Dkt. 16 at 12 (citing *Williams*

6    *v. Taylor*, 529 U.S. 362, 405 (2000)).

7         A district judge must determine de novo any part of a magistrate judge's proposed

8    disposition to which a party has *properly objected*. It must modify or set aside any

9    portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The

10   district judge may accept, reject, or modify the recommended disposition; receive further

11   evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P.

12   72(b)(3).

13        A proper objection requires "specific written objections to the proposed findings

14   and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo

15   determination, Congress "intended to permit whatever reliance a district judge, in the

16   exercise of sound judicial discretion, chose to place on a magistrate's proposed findings

17   and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal

18   quotation marks omitted). Thus, the district court is required only to indicate that it

19   reviewed the record de novo and found no merit to the objections in order to summarily

20   adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The

21   district court is not obligated to "expressly address" every objection. *Id.* at 437.

22

1    On April 19, 2024, Belander sought a 180-day extension of time to object to the

2  R&R's recommended denial of his § 2254 habeas petition. Dkt. 17. The Court granted

3  that request in part, giving Belander until July 5, 2024, to file his objections—far more

4  than the 14 days provided in 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

5  72(b). Dkt. 21. Belander has not objected to the R&R, and he has not demonstrated (as he

6  must) that the R&R's legal conclusions are clearly erroneous or contrary to law. *See* Fed.

7  R. Civ. P. 72(a).

8    The R&R is **ADOPTED**. Belander's § 2254 petition is **DENIED**. The Court will

9  **NOT** issue a Certificate of Appealability for the reasons articulated in the R&R.

10    The Clerk shall enter a **JUDGMENT** and close the case.

11    **IT IS SO ORDERED**.

12    Dated this 19th day of July, 2024.

13

14

15  BENJAMIN H. SETTLE
    United States District Judge

16

17

18

19

20

21

22